UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:11-cv-557-FDW
(3:06-cr-390-FDW-1)

| | |
|---|---|
| ROOSEVELT HILL, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| Vs. ) | ORDER |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255, (Doc. No. 1), and on the Government's Response, (Doc. No. 4). Petitioner moves this Court to vacate his conviction on the basis of the Fourth Circuit's en banc decision in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011). Because Petitioner's motion is untimely, the Court will dismiss the motion to vacate.

**I. BACKGROUND**

Petitioner Roosevelt Hill was indicted by the Grand Jury for the Western District of North Carolina on October 26, 2006, and charged with possession with intent to distribute five grams or more of crack cocaine, in violation of 21 U.S.C. § 841(a)(1) and 21 U.S.C. §841(b)(1)(B); one count of possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c); and one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). (Case No. 3:06-cr-390, Doc. No. 8 at 1-2: Superseding Indictment).

1

Petitioner entered into a plea agreement in which he agreed to plead guilty to the drug counts and to the possession of a firearm in furtherance of a drug trafficking crime count. (Id., Doc. No. 9: Plea Agreement). In exchange, the Government agreed to dismiss the felon in possession of a firearm count. (Id., Doc. No. 9 at 1). The plea agreement included a waiver of Petitioner's right to challenge either his conviction or his sentence in any post-conviction proceeding, except on the grounds of ineffective assistance of counsel or prosecutorial misconduct. (Id. at 5). In addition to the normal exceptions for claims of ineffective assistance of counsel and prosecutorial misconduct, the plea agreement also included an exception to the appeal waiver for claims related to his sentence "on the basis that one or more findings on guidelines issues were inconsistent with the explicit stipulations contained in any paragraph in the plea agreement . . ., or on the basis of an unanticipated issue that arises during the sentencing hearing and which the District Judge finds and certifies to be of such an unusual nature as to require review by the Fourth Circuit Court of Appeals." (Id.).

The parties also agreed to jointly recommend that the amount of crack cocaine reasonably foreseeable to Petitioner was between twenty and thirty-five grams, that Petitioner qualified as a career offender under § 4B1.1 of the United States Sentencing Guidelines, that he was entitled to a three-level reduction in his offense level for acceptance of responsibility, and that a sentence within the corresponding guidelines range was appropriate. (Id. at 2-3).

On January 26, 2007, Petitioner pled guilty pursuant to the terms of the plea agreement. At his plea hearing, Petitioner acknowledged that the plea agreement included a waiver of the right to contest his conviction subject to the exceptions set forth in the plea agreement. (Id., Doc. No. 10: Entry and Acceptance of Guilty Plea). At sentencing, this Court sentenced Petitioner, consistent with the parties' agreement, to a within-guidelines sentence of 262 months in prison—

202 months on each drug count to run concurrently, followed by 60 months on the firearm count to run consecutively. (Id., Doc. No. 15 at 2: Judgment). Petitioner appealed and on March 19, 2009, the Court of Appeals for the Fourth Circuit affirmed Petitioner's conviction and sentence in an unpublished opinion. United States v. Hill, 318 F. App'x 216 (4th Cir. 2009). The Fourth Circuit issued its mandate on April 10, 2009, and Petitioner did not file a petition for a writ of certiorari with the United States Supreme Court. On October 31, 2011, Petitioner placed the instant motion to vacate in the prison mail system, and it was stamp-filed in this Court on November 3, 2011. In his motion to vacate, Petitioner contends that he was erroneously sentenced as a career offender based on prior convictions that no longer qualify as felonies in light of Simmons.

## II. STANDARD OF REVIEW

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter and the parties' briefs on Respondent's motion to dismiss, the Court finds that the motion to vacate can be resolved without an evidentiary hearing based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act (the "AEDPA"). Among other things, the AEDPA amended 28 U.S.C. § 2255 to include a one-year limitations period for the filing of a motion to vacate. The limitation period runs from the latest of,

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1)(4).

Here, Petitioner's judgment became final ninety days after the Fourth Circuit issued its mandate on April 10, 2009, when his time for filing a petition seeking a writ of certiorari from the Supreme Court expired. See Clay v. United States, 537 U.S. 522, 525 (2003). Since Petitioner did not file his Section 2255 motion to vacate until more than two years later, his motion is untimely under § 2255(f)(1). Furthermore, none of the other subsections under § 2255(f) applies to render the petition timely. In sum, Petitioner's motion to vacate is time-barred.[1]

The Court further notes that even if Petitioner's claims were not time-barred, Petitioner explicitly waived his right to challenge his sentence in a post-conviction proceeding in his plea agreement. Such waiver is enforceable as long as the defendant waives this right knowingly and voluntarily. See United States v. Lemaster, 403 F.3d 216, 220 (4th Cir. 2005) ("[A] criminal defendant may waive his right to attack his conviction and sentence collaterally, so long as the

---

[1] Furthermore, even if this Court were to apply equitable tolling Petitioner would still not be entitled to relief on the merits since his sentence was less than the statutory maximum sentence allowed even without the career offender enhancement. See United States v. Powell, 691 F.3d 554, 563 n.2 (4th Cir. 2012) (King, J., dissenting in part and concurring in the judgment in part) (noting that career offenders do not receive sentences exceeding the applicable statutory maximum and thus "cannot rely on Carachuri to obtain § 2255 relief").

waiver is knowing and voluntary."). Here, Petitioner does not allege in his motion that his plea was either unknowing or involuntary, nor could he, as the Rule 11 colloquy establishes that he pled guilty understanding the charge to which he was pleading guilty as well as the consequences of his plea, including his waiver of his right to challenge his sentence in a Section 2255 post-conviction proceeding. Petitioner has not presented either a claim of ineffective assistance of counsel or a claim of prosecutorial misconduct. Accordingly, neither of the exceptions to his waiver applies, and, even if not time-barred, his motion would be subject to dismissal.

## IV.     CONCLUSION

For the foregoing reasons, the Court dismisses Petitioner's Section 2255 petition as untimely.

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's Motion to Vacate, (Doc. No. 1), is **DISMISSED** as untimely.

2. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

Signed: May 14, 2013

Frank D. Whitney
United States District Judge